UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD M. MALDONADO,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JO ANNE B. BARNHART, Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. CV 05-03388 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

　　　　The Court has carefully considered each of Plaintiff's arguments, but finds them wanting.

　　　　Plaintiff asserts that the Administrative Law Judge did not consider his various impairments in combination, and specifically that he did not consider Plaintiff's vision problems and his limited literacy. He says that the Administrative Law Judge did not mention Plaintiff's vision problems in his Finding No. 2, the finding which summarizes Plaintiff's impairments. In this he is wrong; Finding No. 2 specifically says that Plaintiff has a variety of impairments, including "homonymous hemianopsia of the right eye." [AR 23] The Administrative Law Judge also did specifically consider Plaintiff's lack of literacy, directing the vocational expert to consider that factor, along with other factors, in determining whether there were any jobs in the economy which the Plaintiff could perform. [AR 164]

The vocational expert's testimony that there were jobs in the economy which Plaintiff could perform provided the basis for his Finding No. 9, which detailed those jobs. [AR 24] Hence, Plaintiff's argument that the Administrative Law Judge improperly relied on the grids to make his decision is just wrong.

The Administrative Law Judge did not specifically direct the vocational expert to consider Plaintiff's pain, but the Administrative Law Judge was not required to do so if he did not agree with Plaintiff's assessment of the impact of the pain, and gave valid reasons for not considering the pain as Plaintiff described it. *Rollins v. Massanari*, 261 F.3d 853, 863-64 (9th Cir. 2001). If a claimant alleges "excess pain" and produces medical evidence of an impairment which reasonably could be expected to produce the pain alleged, then the Administrative Law Judge may reject the claims of pain only if he makes specific findings stating clear and convincing reasons for doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge complied with this requirement here, setting forth ten factors which he found discredited Plaintiff's claims of disabling pain. [AR 22] These included various inconsistencies with the medical evidence, inconsistency with Plaintiff's claims, and conservative medical treatment. These are factors which the Administrative Law Judge is privileged to consider. *Rollins, supra*, 261 F.3d at 857; *Bunnell, supra*, 947 F.2d at 345-46; *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

Plaintiff also complains that the Administrative Law Judge did not consider the testimony of Plaintiff's mother, to the effect that Plaintiff's vision problems had worsened. While he noted that Plaintiff's mother had not seen Plaintiff often [AR 20], the Administrative Law Judge did note the mother's testimony about Plaintiff's worsening vision [*id.*], did note Plaintiff's vision problems as one of Plaintiff's severe impairments [AR 23, Finding No. 2], and did ask the vocational expert to take the vision deficit into account. [AR 164] In short, the impact of the mother's testimony was fully considered.

///

///

1  There being no legal error, and the Court being satisfied that substantial
2 evidence supports the Administrative Law Judge's ruling, the decision of the
3 Commissioner is affirmed.

5  DATED: June 21, 2006

7  <u>        */s/ Ralph Zarefsky*        </u>
   RALPH ZAREFSKY
8  UNITED STATES MAGISTRATE JUDGE